Filed 9/7/21  P. v. Quiroz CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B311331 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA148872-01) |
| v. | |
| BRENDA QUIROZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lynn D. Olson, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

Brenda Quiroz appeals from the judgment entered after she pleaded no contest and was found guilty of one count of attempted murder and one count of aggravated assault and admitted with respect to the charge of attempted murder that she had personally used a firearm and inflicted great bodily injury on the victim.  No arguable issues have been identified following review of the record by Quiroz's appointed appellate counsel or our own independent review.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Quiroz was charged in an amended felony complaint filed July 18, 2019 with two counts of attempted willful, deliberate and premeditated murder (Pen. Code, §§ 187, subd. (a), 664), shooting at an occupied vehicle (Pen. Code, § 246) and conspiracy to commit a felony (murder) (Pen. Code, § 182, subd. (a)(1)), with special allegations she had personally used a handgun when committing all four offenses (Pen. Code, § 12022.53, subd. (b)), all the offenses had been committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)) and she had inflicted great bodily injury on one of the attempted murder victims (Pen. Code, § 12022.7, subd. (a)).

Quiroz entered into a negotiated plea agreement prior to her preliminary hearing.  According to the description of the crime in the probation report, Quiroz had an argument with Julio R. several days before the shooting after Quiroz had flirted with Julio R.'s girlfriend, Maria P.  On March 27, 2019 at approximately 1:00 a.m., as Julio R. parked his car in front of his house with Maria P. in the front passenger seat, Quiroz got out of a red truck and fired four or five rounds in their direction.  Julio R. was struck in the right arm.

2

Following her arrest Quiroz told police officers she was a member of the South Los 13 criminal street gang. Quiroz said she did not want to shoot Julio R. following their argument but members of her gang insisted that she do so or she would be disciplined. The driver of the red truck had given Quiroz a loaded firearm and instructed her to shoot at Julio R.'s vehicle. Quiroz claimed she had only fired in the air, not directly at either Julio R. or Maria P.

On the People's motion the court ordered the complaint amended by interlineation to add a count of assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)). Pursuant to a negotiated agreement, Quiroz pleaded no contest to one count of attempted murder, one count of aggravated assault and admitted the firearm-use and great bodily injury enhancement allegations. As part of her plea agreement, Quiroz waived her right to appeal the disposition of her case, "based on either the state of facts or law." The court sentenced Quiroz to an aggregate state prison term of 20 years.

Quiroz filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Quiroz on appeal. After reviewing the record, counsel filed a brief raising no issues. On July 13, 2021 counsel wrote Quiroz and advised her that counsel intended to file a no-issue brief and that Quiroz personally could submit her own supplemental letter brief in which she identified any contentions or issues she wished us to consider. We have received no response.

We have reviewed the entire record in this case and are satisfied appellate counsel for Quiroz has complied with counsel's responsibilities and there are no arguable issues. (*Smith v.*

*Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

4